UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE PAUL SANCHEZ,<br><br>                           Plaintiff,<br>       v.<br>WILLIAM REUBART,<br><br>                           Defendant. | Case No. 3:22-cv-00167-RCJ-CLB<br><br>ORDER |

      Plaintiff Jasmine Paul Sanchez, who is incarcerated in the custody of the Nevada Department of Corrections at Ely State Prison, is a prisoner proceeding *pro se*. On April 11, 2022, Plaintiff submitted a civil-rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 1.) However, on at least three prior occasions, this Court and the Ninth Circuit Court of Appeals have dismissed civil actions or appeals commenced by Plaintiff while in detention or incarcerated as frivolous or for failure to state a claim upon which any relief may be granted.[1]

      Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $402 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

      In his complaint, Plaintiff appears to argue that on July 14, 2021, he requested medical care because he had trouble breathing after gas was deployed in his unit. (ECF

---

[1] *See Sanchez v. Ely State Prison*, No. 3:18-cv-00373-MMD-WGC, ECF No. 14 (appeal dismissed by the appellate court as frivolous (No. 19-17131)); *Sanchez v. Dennis Homan*, No. 3:19-cv-00481-MMD-WGC (action dismissed by the district court for failure to state a claim); *Sanchez v. Ely State Prison*, No. 3:21-cv-00292-MMD-CLB (action dismissed by the district court for failure to state a claim); *see also Sanchez v. William Reubart*, No. 3:22-cv-00133-MMD-CLB, ECF No. 3 (finding that Plaintiff has 3 strikes). The Court takes judicial notice of its prior records in these matters.

No. 1-1 at 2-3.)  In the complaint, Plaintiff alleges that he was in danger of serious harm on July 14, 2021, the date of the incident.  But the Court finds that the complaint does not plausibly allege that Plaintiff was in is in imminent danger of serious physical injury when he filed the complaint on April 11, 2022.  See Andrews v. Cervantes, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing).  Accordingly, Plaintiff does not qualify for the imminent danger exception, and he must pre-pay the $402 filing fee in full to proceed in this action.

It is therefore ordered that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the full $402 filing fee within 30 days of entry of this order.

The Clerk of Court is directed to send Plaintiff two copies of this order. Plaintiff must make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

The Clerk of the Court is further directed to retain the complaint (ECF No. 1-1) but will not file it at this time.

DATED THIS  27th   day of December 2022.

United States District Court