UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE PAUL SANCHEZ,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>WILLIAM REUBART,<br><br>　　　　　　　　　Defendant. | Case No. 3:22-cv-00167-RCJ-CLB<br><br>ORDER |

　　　　Plaintiff Jasmine Paul Sanchez brings this civil-rights action for events that allegedly occurred during his incarceration with the Nevada Department of Corrections at Ely State Prison. (ECF No. 1-1.) On December 27, 2022, this Court denied Sanchez's application to proceed in forma pauperis because he has three strikes under 28 U.S.C. § 1915(g) and failed to demonstrate that he was under imminent danger of serious physical injury. (ECF No. 3.) The Court gave Sanchez 30 days to pay the full $402 filing fee. (*Id.* at 2.) The Court expressly warned Sanchez that "this action will be dismissed without prejudice unless" he timely paid the filing fee. (*Id.*) The deadline has passed, and Sanchez has not paid the filing fee.

I.　　**DISCUSSION**

　　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Sanchez's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Because the Court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor

1  favors dismissal. In sum, having thoroughly considered these dismissal factors, the Court
2  finds that they weigh in favor of dismissal.

3  **II.   CONCLUSION**

4  Having thoroughly considered these dismissal factors, the Court finds that they
5  weigh in favor of dismissal. It is therefore ordered that this action is dismissed without
6  prejudice based on Sanchez's failure to pay the full filing fee in compliance with the
7  Court's December 27, 2022, order.

8  The Clerk of Court is directed to enter judgment accordingly and close this case.
9  No other documents may be filed in this now-closed case. If Sanchez wishes to pursue
10 his claims, he must file a complaint in a new case.

12 DATED THIS 7th day of February 2023.

_____
UNITED STATES DISTRICT JUDGE